# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**MELVIN WOODARD,**

    **Plaintiff,**

vs.                                              Case No.  4:20cv313-WS-MAF

**A. ROBINSON, ARPN, et al.,**

    **Defendants.**

_____/

## ORDER and REPORT AND RECOMMENDATION

    The pro se Plaintiff initiated this case, along with several other cases, in June 2020.  Plaintiff submitted a civil rights complaint, ECF No. 1, pursuant to 42 U.S.C. § 1983, and although he did not file a proper motion requesting leave to proceed in forma pauperis, he did submit a copy of his inmate Trust Fund Account Statement, ECF No. 2, which reveals Plaintiff lacks the resources to pay the filing fee for this case.  Even so, Plaintiff must file a proper in forma pauperis motion if he desires to proceed with his case.

    Notwithstanding that deficiency, a cursory review has been made of Plaintiff's complaint, ECF No. 1.  Plaintiff is incarcerated at Columbia

Correctional Institution, as are all three named Defendants. *Id.* at 2-3. The issues raised in this action concern Plaintiff's medical care and the lack of accommodations Plaintiff says he needs for blindness. *Id.* at 5-6. As the institutional name implies, Columbia Correctional Institution is located within Columbia County, Florida, and is not within the territorial jurisdiction of this Court. Instead, it is within the Middle District of Florida.

The venue statute provides that a civil action may be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located" or in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." 28 U.S.C. § 1391(b)(1),(2). Plaintiff's complaint has been filed in the wrong district because all the events occurred in Columbia County. Venue is appropriate in the Middle District of Florida because the Defendants are there and Plaintiff's claim arose there. The proper forum for this action pursuant to 28 U.S.C. § 89(b) and § 1391(b) is in the United States District Court for the Middle District of Florida, Jacksonville Division.

When a case is filed in the wrong division or district, the venue statute provides that the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could

have been brought." 28 U.S.C. § 1406(a). A court may raise the issue of defective venue sua sponte, but should not dismiss an improperly filed case for lack of venue without giving the parties an opportunity to respond. Kapordelis v. Danzig, 387 F. App'x 905, 906 (11th Cir. 2010); Lipofsky v. New York State Workers Comp. Bd., 861 F.2d 1257, 1259 (11th Cir. 1988). Justice is better served by transferring this case to the appropriate forum rather than dismissing it. There is no need for a hearing prior to directing transfer.

    Notably, Plaintiff has not filed anything further in this case since submitting the complaint, ECF No. 1, and account statement, ECF No. 2. The case was unfortunately overlooked over the past few months, but Plaintiff has not filed a notice of change of address or anything suggesting his continued interest in this litigation. Nevertheless, judicial notice is taken that Plaintiff has been transferred to R.M.C., a facility which is still within the jurisdiction of the Middle District. Plaintiff's transfer does not change this recommendation as his location is not the determining factor under § 1391. The Clerk of Court shall mail this Report and Recommendation to Plaintiff at that facility.

Accordingly, it is **ORDERED** that the Clerk of Court shall mail this Report and Recommendation to Plaintiff at the Reception and Medical Center in Lake Butler, Florida.

## RECOMMENDATION

In light of the foregoing, and pursuant to 28 U.S.C. §§ 1406(a), it is respectfully **RECOMMENDED** that this case be transferred to the United States District Court for the Middle District of Florida, Jacksonville Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on September 23, 2020.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:20cv313-WS-MAF